# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Ruben D.A.G.,

        Petitioner,

v.

Todd Blanche, Acting Attorney
General, et al.,[1]

        Respondents.

**ORDER GRANTING PETITION
FOR WRIT OF HABEAS CORPUS**

Civil File No. 26-02041 (MJD/DJF)

Kerry McGuire, Catholic Legal Immigration Network, Inc., Silver Spring, MD, Counsel for Petitioner.

David W. Fuller, Jaymarie Arlene Miranda, Assistant United States Attorneys, Counsel for Respondents.

This matter is before the Court on Petitioner Ruben D.A.G.'s verified petition for writ of habeas corpus.  (Doc. 1 ("Pet.").)  Petitioner claims he is currently unlawfully detained in violation of the Immigration and Nationality Act ("INA"), the Administrative Procedure Act, the Fourth Amendment, and the Fifth Amendment's Due Process Clause.  Respondents, sometimes referred to as

---

[1] On April 2, 2026, Todd Blanche became Acting Attorney General, replacing Pamela Bondi.  The Court substitutes him as a respondent in his official capacity. Fed. R. Civ. P. 25(d).

1

ICE, maintain that Petitioner is properly detained pending removal pursuant to 8 U.S.C. § 1226(a).

I.    **FACTS[2]**

Petitioner is a citizen of Spain and Ecuador and a resident of Northfield, Minnesota.  (Pet. ¶ 13.)  Petitioner entered the United States at Miami, Florida on or about December 4, 2021 under the visa waiver program using his Spanish passport with authorization to remain in the country until March 3, 2022.  (Id. ¶ 14; Doc. 6-1 (Form I-213 (Record of Deportable/Removeable Alien)) [hereinafter "I-213"] at 3; Doc. 6-5 (Petitioner's I-94 form).)[3]

On March 17, 2026, Petitioner was arrested for DUI in Rice County.  (Pet. ¶ 16; I-213 at 4.)  On March 18, ICE filed a detainer with the Rice County Jail requesting jail personnel call ICE before Petitioner was released from custody because "reliable evidence . . . affirmatively indicate[d] [Petitioner] . . . lacks immigration status" and because Petitioner "otherwise poses a risk to national

_____

[2] The Court adopts most facts from the petition.  Any facts not disputed are deemed admitted. See Paula G. v. Bondi, No. 26-CV-410 (JMB/DLM), 2026 WL 146003, at *1 n.2 (D. Minn. Jan. 20, 2026).  Citations show where facts are adopted from sources other than the petition.

[3] Docs. 6-1 to 6-5 are exhibits to Respondents' opposition to the petition for writ of habeas corpus.

security, border security, or public safety." (Doc. 6-2 at 1.)[4]  On March 18, Petitioner was transported to the Rice County Courthouse for a hearing on the DUI charge, after which he was arrested by ICE without a warrant and transferred to the Freeborn County Adult Detention Center in Albert Lee, Minnesota, where he remains in ICE custody.  (Pet. ¶¶ 16, 23; Doc. 6 at 2.)  ICE also issued a Visa Waiver Program Notice of Intent to Issue a Final Administrative Removal Order, which says it was served on March 18, although the Notice is dated March 19, 2026.  (Doc. 6-4 at 1-2.)

## II.    DISCUSSION

### A.    Habeas Corpus Jurisdiction

A writ of habeas corpus may be granted to a petitioner who demonstrates he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  District courts have jurisdiction to hear habeas challenges to immigration-related detention.  Zadvydas v. Davis, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal period detention.").  The

---

[4] The Court notes that Petitioner's  March 17, 2026 arrest was his third DUI arrest since coming to America.  (I-213 at 4.)

petitioner bears the burden to prove illegal detention by a preponderance of the evidence.  See Belsai D.S. v. Bondi, 810 F. Supp. 3d 1016, 1020 (D. Minn. 2025) (citations omitted).

### B.    Analysis

Petitioner seeks relief on several grounds.  However, because the Court finds ICE has violated 8 U.S.C. § 1357 by arresting Petitioner without a warrant, it does not reach all Petitioner's alternative grounds for relief.  See —F. Supp. 3d.—, Faysal N. v. Noem, No. 25-CV-04641 (JMB/DLM), 2026 WL 36066, at *3 n.3 (D. Minn. Jan. 6, 2026) (stating that when the court's decision on one of the petitioner's asserted theories for relief meant that the petitioner's detention was unlawful, the court did not need to reach the petitioner's alternative arguments).

### 1.  Warrantless Arrest

Petitioner states that he was arrested without a warrant.  Indeed, the warrant in the record does not give any clues as to whether it was issued prior to or after Petitioner's arrest because no one has provided the Court with the time of the arrest.  Because Respondents state that they "do not dispute the salient facts alleged in the Petition," the Court finds that the warrant was not issued until after Petitioner was arrested.  (See Doc. 6 at 1.)  However, while Petitioner

states that he never received a copy of a warrant for his arrest, Respondents have provided a certificate of service for the warrant on Petitioner.  (I-213 at 1.)

The warrant clearly was not served on Petitioner until he arrived at the Freeborn County Adult Detention Center.  (Id.)  Accordingly, the warrant could not have been served until approximately an hour after Petitioner was arrested, at the earliest, because the drive between the Rice County Courthouse and the Freeborn County Adult Detention Center, a distance of 48.7 miles, takes approximately 47 minutes.  See Google Maps, available at https://www.google.com/maps/dir/ (last visited Apr. 17, 2026).

ICE does not dispute these facts.  Because Respondents do not assert that Petitioner was arrested pursuant to a warrant, the Court need not evaluate such a claim.[5]  Instead, the Court considers the statutory framework for warrantless arrests of noncitizens, which is a maze of statutes and regulations, not all of which are relevant here.

The INA enumerates the "powers" of immigration officers to act without a warrant.  See 8 U.S.C. § 1357(a).  The statute permits officers to arrest a noncitizen

---

[5] Although Respondents include the arrest warrant in their exhibits, they make no argument related to it.

without a warrant if they have "reason to believe" 1) "the alien . . . is in the United States in violation of any such law or regulation," and 2) "is likely to escape before a warrant can be obtained for his arrest." § 1357(a)(2).  After such a warrantless arrest, noncitizens "shall be taken without unnecessary delay for examination before an officer of the Service . . . to examine the aliens as to their right to enter or remain in the United States." Id.

This is where the regulations come in.  8 C.F.R. § 287.3 lays out the requirements following a warrantless arrest of a noncitizen.  Among other things, the regulations require that within 48 hours, a determination of "whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest . . . will be issued" must be made.  8 C.F.R. § 287.3(d).

Section 1357 implicates the Fourth Amendment's protections.  Specifically, The Fourth Amendment protects all individuals from "unreasonable searches and seizures."  U.S. Const. amend. IV.  An arrest qualifies as a "seizure" and therefore must be supported by probable cause.  United States v. Miller, 974 F.2d 953, 956 (8th Cir. 1992).  The Eighth Circuit has made clear that the Fourth Amendment's protections apply to "seizures" of noncitizens.  See United States

6

v. Quintana, 623 F.3d 1237, 1239 (8th Cir. 2010).  Because § 1357(a)(2) implicates

seizures of noncitizens, the statute's use of the term "reason to believe" means

"constitutionally required probable cause."  Id.  Probable cause exists when,

based on the totality of the circumstances, the facts are "sufficient to lead a

reasonable person to believe that the suspect has committed or is committing an

offense." Garang v. City of Ames, 2 F.4th 1115, 1121 (8th Cir. 2021) (cleaned up).

Therefore, for the warrantless arrest of Petitioner to be valid under §

1357(a)(2), ICE must have had probable cause to support that Petitioner was 1)

not lawfully present in the country and 2) likely to escape before they could get a

warrant based on the totality of the circumstances.

The facts support that there was probable cause to believe that Petitioner

was unlawfully present in the United States.  Petitioner's legal status expired on

March 3, 2022.  (Doc. 6-5.)  Petitioner does not dispute this fact.

Whether there was probable cause to support a finding that Petitioner was

likely to escape before a warrant could be issued is another story.  A

determination that someone is "likely to escape" requires a "particularized

assessment" of the unique circumstances at issue.  Orellana v. Nobles Cnty., 230

F. Supp. 3d 934, 946 (D. Minn. 2017) (citing Maryland v. Pringle, 540 U.S. 366, 371

7

(2003)).  Anyone without a lawful presence does not immediately present a

likelihood of escape merely by being a noncitizen.  See Moreno v. Napolitano,

213 F. Supp. 3d 999, 1007 (N.D. Ill. Sept. 30, 2016) ("[it cannot] be the case that,

simply by being potentially removable, an alien must be deemed to be likely to

evade detention by ICE.  Such a reading would render the limitations on

warrantless arrest created by 8 U.S.C. §§ 1226(a) and 1357(a)(2) meaningless.").

Respondents do not even argue that the officers had probable cause to

support a finding that Petitioner was likely to escape before they could obtain a

warrant.  This failure to support the required particularized determination that

Petitioner was likely to escape is, on its own, sufficient to grant the petition.  See

Orellana, 230 F. Supp. 3d, at 946 ("Without any showing that [Defendant] was

likely to escape before a warrant could be secured, the warrantless arrest made

under § 1357(a)(2) violates the Fourth Amendment.")  However, the record

independently demonstrates that Respondents lacked probable cause to believe

Petitioner was likely to escape before a warrant could be issued.

Here, Petitioner, who was not only in custody in the Freeborn County

Adult Detention Center, but was also the subject of an ICE detainer, was

certainly not a flight risk.  The Honorable Laura Provinzino said it best when

8

similarly tasked with wading through the sea of statutes and regulatory

requirements for DHS procedures and warrantless arrests that the default rule

for respondents to remember is to "get a warrant." See Fernando C. C. v. Bondi,

No. 26-CV-1235 (LMP/JFD), 2026 WL 446408, at *4 (D. Minn. Feb. 17, 2026).  Here,

ICE failed to do so in a timely manner at their peril.

### 2.  Remedy

Because the Court finds that ICE agents did not act within their statutory

authority in effectuating Petitioner's warrantless arrest, the Court finds that

Respondents have not offered any lawful basis for Petitioner's continued

detention.  As such, release is the appropriate remedy.  See e.g., Ahmed M. v.

Bondi, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026)

("Where the record shows Respondents have not identified a valid statutory

basis for detention in the first place, the remedy is not to supply one through

further proceedings.") (quotation omitted).

Accordingly, based upon the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED**:

1. The Court **GRANTS** Petitioner's Petition for Writ of Habeas Corpus
   **[Doc. 1]** as follows:

a. Respondents are ordered to arrange for the immediate release of Petitioner at a safe time and in a safe place that is communicated at least eight (8) hours in advance to Petitioner's counsel (whom the Court tasks with coordinating Petitioner's transportation home);

b. Respondents are ordered to immediately return all Petitioner's personal items that were taken from him when he was detained in substantially the same condition as when the items were taken during his arrest, such as his driver's license, immigration papers, passport, cell phone, and keys; and

c. Petitioner shall be released on his own recognizance without any conditions upon his release.

2. Respondents are ordered to confirm Petitioner's release from custody as well as Respondents' compliance with the rest of the Court's Order within forty-eight (48) hours from the date of this Order.

3. Any motion for attorney fees and costs pursuant to the Equal Access to Justice Act must be filed within 21 days of entry of judgment in this matter, along with a well-reasoned memorandum of authorities explaining why an award of fees and costs is warranted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   April 20, 2026                    s/Michael J. Davis
                                                     Michael J. Davis
                                                     United States District Court